# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RODNEY WASHINGTON (#298775)**　　　　　　　　**CIVIL ACTION**

**VERSUS**

**17-574-BAJ-RLB**

**JAMES LEBLANC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 27, 2018.

_____

　　**RICHARD L. BOURGEOIS, JR.**
　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RODNEY WASHINGTON (#298775)                          CIVIL ACTION

VERSUS

17-574-BAJ-RLB

JAMES LEBLANC

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James Leblanc complaining that his constitutional rights are being violated because he is being confined without a valid commitment order.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.  An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id*. at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32.

Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of

§ 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915

dismissal may be made any time, before or after service or process and before or after an answer

is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on

which relief may be granted; or seeks monetary relief against a defendant who is immune from

such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir.

1986).

The plaintiff alleges the following in his Complaint:  The plaintiff was transported from

Caddo Parish to LSP without a valid and authentic commitment order authorizing his confinement

at LSP from 1994 to the present.  The documents ordering his transfer and confinement at LSP

were invalid because they were unauthenticated and inadmissible.  In support of this argument, the

plaintiff cites various authorities pertaining to authentication and the admissibility of evidence.[1]

The plaintiff's Complaint fails to state a federal constitutional claim cognizable under 42

U.S.C. § 1983, which statute provides for a private right of action against any person who, acting

under color of state law, deprives an individual of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  First, to the extent the plaintiff is attacking the validity

of his confinement, this claim seeks relief obtainable only through an application for a writ of

habeas corpus.  In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the United States Supreme

Court held that a challenge by a prisoner to the fact or duration of his confinement must be pursued

through a habeas corpus proceeding rather than through an ordinary civil rights action.

---

[1] The plaintiff cited and/or copied and pasted excerpts from 28 U.S.C. § 1739, dealing with state and territorial nonjudicial records and full faith and credit; *Ward v. Pennington*, 434 So.2d 1131 (La. App. 1 Cir. 1983), which concerns agency relationships; and *State v. Day*, 410 So.2d 741 (La. 1982), a decision addressing state law requirements for the authentication of documents.

Accordingly, the plaintiff's claim challenging his current confinement is subject to dismissal, without prejudice to the plaintiff's right to pursue a separate claim for habeas corpus relief.

To the extent the plaintiff is complaining of his transfer from Caddo Parish to LSP, he has not alleged any facts which amount to a violation of his constitutional rights.  See *Olim v. Wakinekona*, 461 U.S. 238, 244-45, 250-51 (1983) (prisoners do not have a constitutional right to be housed in any particular facility or in any particular state); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) (prison officials have discretion to transfer inmates; such transfers do not invoke the protections of procedural due process).  Furthermore, the plaintiff has no constitutional right protecting him against a change in custody classification.  *See Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988).

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as legally

frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§§ 1915(e) and 1915A.[2]

     Signed in Baton Rouge, Louisiana, on March 27, 2018.

_____

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."